(No. 784—Claimant awarded $1500.00.)

GUIDO MATTEI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

CONTRACT—*when State is not liable.* The State is not liable for supplies, articles or musical instruments furnished by an employee, of its institution, out of his own funds for use in such institution, or for loss of same.

SOCIAL JUSTICE AND EQUITY—*award may be made—reimbursement.* While there may be no legal liability against the State for the loss of instruments used by its employees in its institution, yet as an act of social justice and equity an award may be made to reimburse claimant for such loss.

JOHN L. WALKER, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case commenced by plaintiff, Guido Mattei, by John L. Walker, his attorney, setting forth that on to-wit: September 20, 1914, the plaintiff was engaged by defendant as bandmaster at its institution, located at No. 1900 Collins street, in the City of Joliet, in the county and State aforesaid; that said plaintiff has been employed as said defendant's bandmaster at its said institution continuously since that date and has had under his charge the supervision and teaching of music there; that the musical library of said defendant's institution became inadequate, and there being extreme difficulty in replenishing same in order to keep it in first class condition, for the progress of those in said institution band, said plaintiff as bandmaster purchased from time to time, out of his own

salary, music and musical instruments, with the knowledge, consent and acquiescense of said defendant, to-wit:

| | |
|---|---:|
| A musical library valued at approximately | $1500.00 |
| One Pathe talking machine | 102.00 |
| 75 double faced records | 225.00 |
| One snare drum | 35.00 |
| One silver clarinet mouth piece | 15.00 |
| One rubber clarinet mouth piece | 5.00 |
| One Oliver typewriter | 49.50 |
| One music brief case | 7.50 |
| Total | $1940.50 |

That it became necessary to increase the music library in order to properly teach and supervise music for the benefit of the inmates of defendant's institution, on account of the band at said institution being divided by the transferring of part of it to the new prison of said defendant in Lockport township, in county and State aforesaid; which was also placed under the care and supervision of plaintiff as bandmaster; that no additional State appropriation having been provided for this purpose, said plaintiff kept adding to and augmenting his own said library at his own expense and out of his own salary, in order to keep the bands in the two said defendant's institutions from falling into arrears and depreciating as bandmen, and to keep them foremost in the United States of America, as the greatest of their kind; that defendant's duly authorized agents were in possession and control of said institution at Joliet, and it was mutually agreed between defendant's agents and plaintiff that said plaintiff's musical library as augmented from time to time and said plaintiff's instruments that he had also purchased should be kept, stored and sheltered in said institution as they were in daily use, and said plaintiff then and there permitted his said library and his said musical instruments aforesaid, and the said defendant's agents had the possession, care, custody, control and complete supervision of it, and said plaintiff's library was burned at said institution at Joliet, when fire broke out there on January 31, 1924, which completely destroyed said library and musical instruments.

The Attorney General filed a demurrer in this case, which, as a matter of law, is sustained.

It is stipulated and agreed by and between the parties in above entitled cause that the affidavits of Dio Moreno, New-

ton H. Gerhardt, and Guido Mattei may be considered as evidence on behalf of plaintiff, as fully as if affiants had appeared and testified and their testimony had been taken in the form of depositions. It is further stipulated and agreed between the parties as follows: It is hereby stipulated and agreed, by and between the claimant above named, by John L. Walker, his attorney, and the State of Illinois, by Edward J. Brundage, Attorney General, that the evidence to be taken on behalf of the claimant herein in support of and of said claim shall be taken before Herbert P. Folkers, a notary public, at room 506, James G. Heggie building, in the City of Joliet, Illinois, on July 7, 1924, at 1:30 P. M., and continuing from day to day until completed. It is further stipulated and agreed that said deposition when completed shall be returned by said Herbert P. Folkers, notary public, to Louis L. Emmerson, Secretary of State, and ex-officio secretary of the Court of Claims, by mail, in a sealed envelope bearing his endorsement and the title of the case, and reciting that it contains the said deposition. It is further stipulated that all statutory requirements with references to notice of the taking of said deposition herein in said order are waived and that said deposition shall be taken pursuant to this stipulation and may be read in evidence on behalf of the claimant in the above entitled cause with the same effect as though taken with all statutory requirements complied with, subject only to such objections as go to the materiality and competence of the evidence.

The evidence shows that the claimant, Guido Mattei, is a resident of the City of Joliet, and that he was employed as bandmaster in the Illinois State Prison at Joliet and had been so employed for twelve years past; that he had charge of the musical library at this penitentiary and that he purchased out of his own wages the musical library which was destroyed by fire, as shown by the evidence, together with other personal property; that said musical library was of great value.

While the State of Illinois is not liable, still we believe that as a matter of equity and good conscience, the claimant should be awarded a sum sufficient to repay him for the musical library destroyed.

We therefore award the claimant the sum of $1,500.00.